UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BARRETT J. GAY**

Plaintiff,

v.

**THE FACEBOOK INC.,**

Defendant

CASE NO.

CV 16 3013

NC

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Barrett Gay, an Individual Content Creator residing and operating in Atlanta, GA allege as follows:

## NATURE OF CASE

1. Photo-sharing is the number one form of user engagement for Facebook. It garners more "Likes" than any other shared content. Whereas 2013 was a year of transition for Facebook from web to mobile users, on June 19, 2013 this social networking company released a web only Photo-Comment feature allowing users to add a photo to comments. Prior to this creation, users could only reply to posts via text. This newly released web only feature was/is substantially similar to Plaintiff's 2012 copyrighted web only script proposed to Facebook's Chief Product Officer Chris Cox on February 20, 2013 via the

1

company's payment required messaging service. At the time of this offer, Chris Cox was Vice-President of Product Development and oversaw the design, engineering and implementation of all new products by Facebook.

2. Facebook has a history of violating intellectual property and privacy rights of others. In 2009, Facebook settled its most publicized lawsuit alleging theft of source code, theft of business idea and breach of oral contract (see *ConnectU v. Facebook, Inc.*). In 2011, Facebook settled Federal Trade Commission charges that it deceived consumers. In 2013, Facebook settled a trademark infringement lawsuit alleging the company copied its visual timeline, name and feature from Timelines, Inc. (see *Timelines, Inc. v. Facebook, Inc.*). In 2013, Facebook settled allegations that they misused user names and images for advertisement purposes without users' permission (see *Fraley, et al. v. Facebook, Inc., et al*). In December 2014, a federal judge allowed a lawsuit to move forward alleging Facebook violated users' privacy for advertisement purposes (see *Matthew Campbell v. Facebook Inc., 13-5996*). In March 2015, the BladeRoom Group (BRG) filed a federal lawsuit against Facebook alleging theft of trade secrets and breach of contract for a data design center BRG allegedly proposed to Facebook in 2011 (see *BladeRoom Group Limited et al v. Facebook, Inc., case no. 5:15-CV-01370*).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over the Defendant by virtue of their transacting, doing, and soliciting business in this District, because a substantial part

of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

## THE PARTIES

4. Plaintiff Barrett J. Gay is an Individual Content Creator and Copyright Owner of "Topic Related Secondary Image/Photo Sharing for Illustrating Facebook Replies: Source Code" (U. S. Copyright Registration TXU1-823-285 dated 08/07/2012). Plaintiff currently operates and resides at 5329 Riverwalk Drive, Building 1-A, Atlanta, Georgia. On June 19, 2013, time of alleged infringement, Plaintiff operated and resided at 7133 Joshua Way, Fairburn, Georgia. Defendant Facebook Inc. (Facebook) is an information provider specializing in social networking via internet and mobile platforms with a principle place of business at 1601 Willow Road, Menlo Park, California. With over a billion daily active users and 1.64 billion monthly active users worldwide, Facebook relies on photo-sharing as its number one method for user engagement.

## FACTS COMMON TO ALL CLAIMS AND HOW PLAINTIFF WOULD HAVE BENEFITTED FROM HIS ORIGINAL WEB-BASED PHOTO-COMMENT

5. In April 2016, Defendant reported that 54% (886 million) of its 1.64 billion monthly active users (MAUs) were exclusively mobile.[1] Meaning the remaining 56% (918 million) continue to access Defendant's services via web or mobile/web. In early 2013, Defendant transitioned or was transitioning from web to mobile users to leverage mobile photo-sharing. One year prior (in 2012), Defendant acquired mobile photo-sharing app Instagram for same reason thereof.

---

[1] http://expandedramblings.com/index.php/facebook-mobile-app-statistics/

3

In January 2011, Plaintiff launched a second career as a sole proprietor specializing in digital marketing and social media innovation. Being recognized and compensated as the creator/originator of Photo-Comment would have enabled partnerships, ventures, hiring, collaborations and other financially rewarding opportunities for the Plaintiff.

## **HOW DEFENDANT BENEFITS FROM PHOTO-SHARING AND UNAUTHORIZED USE/ADAPTATIONS OF PLAINTIFF'S PHOTO-COMMENT COPYRIGHTED WORK**

6. In 2012 Defendant acquired mobile photo-sharing app Instagram. In 2013, Defendant transitioned or was in the process of transitioning from web platform to more photo-centric mobile platforms. Photos garner more user response than any other form of communication for the Defendant, resulting in longer user interaction and advertisement revenue. During its 2013 transition to mobile, Defendant released a new Photo-Comment feature for web use only on June 19, 2013 substantially similar to the web-based source code/demo proposed to the Defendant by the Plaintiff in a February 20, 2013 payment required message to Defendant's current Chief Product Officer Chris Cox (receipt no. 348999008548448). This message, which contained a URL link to Plaintiff's source code/demo, was later deleted (or concealed from Plaintiff) by the Defendant. Uncommon whereas all social media platforms/features allow user access to previous emails or messages. On February 20, 2013 Plaintiff received an email-receipt from "Facebook Payments" for his paid message to Cox stating the following: "Payment received $15.00, Message to Chris Cox's inbox".

7. Defendant's June 19, 2013 Photo-Comment release was covered by major online industry publications such as Mashable, TechCrunch, Venture Beat, Social Times, Fastcompany.com and The Next Web. Websites dedicated exclusively to Facebook Photo-Comments launched thereafter, namely "fbcomments.parseapp.com", "30 Top Funniest Photos to Attach with Facebook Comments" and "Facebook's Best Picture Comments". TechCrunch stated the following in response to Photo-Comment's release: "this is a step for Facebook away from being a broadcast medium and toward fostering discussion". According to Defendant's September 2013 whitepaper, 350 million photos are uploaded daily on their website. This number has significantly increased over the past two and half years, largely due to the popularity and success of Photo-Comments and mobile adaptations therefrom. Defendant released its iOS and Android Photo-Comments in October 2013 and March 2014 respectively.

## DEFENDANT'S INFRINGING SITE AND MOBILE APPLICATIONS ("APPS")

8. Defendant operates a website at "Facebook.com" ("Infringing Website") and two separate mobile platform applications containing Plaintiff's infringed work ("Derivative Works"). These two mobile applications for iOS and Android platforms currently exist on 886 million devices worldwide: accounting for 56% of Defendant's monthly active users.

9. Whereas Plaintiff's original 2012 copyrighted work proposed to Defendant's VP of Product Development on February 20, 2013 allows two photos per comment-reply, Defendant avoided "literal" copying of Plaintiff's work by limiting its Photo-Comment feature to a single image upload and display. All other Facebook photo-sharing features

5

(i.e., Messenger and Wall posts) and properties (i.e., Instagram) allow multiple photos per post or message. Thus, distinguishing Defendant's Photo-Comment as the only social media photo-sharing feature limited to a single image attachment/display. Unlike traditional uploaded copyrighted content controlled by user and monitored by Internet Service Provider (i.e., music), Photo-Comment is part of Defendant's core platform infrastructure: functioning as a conduit for millions of photos and future audiovisuals shared/sharable daily via "comment" button. Defendant can disable this Photo-Comment feature for web or mobile platform through backend support/administrators.

10. Defendant has charged and continues to charge advertisers for the extra 20-30 seconds required for users to think of, retrieve and share an inspiring, witty or appropriate Photo-Comment. Defendant has charged and continues to charge advertisers for the "Likes" and responses generated by Photo-Comments. Accordingly, Defendant will charge advertisers for the "Likes" and responses generated by adaptations or enhancements to Photo-Comment such as dual/multiple photo-sharing or short audiovisuals.

11. Defendant has made and continues to make infringing Photo-Comment feature available to over 1.65 billion monthly active users via web and mobile services within this district and worldwide.

12. After initially agreeing via email to investigate Plaintiff's September 4, 2014 copyright infringement complaint (report no. 709972995743892), Defendant refused to investigate this matter and/or report findings to Plaintiff. Defendant further ignored Plaintiff's repeated follow-up emails to the company's Intellectual Property Department, Legal

Department and DMCA Agent. Despite emailing Defendant's Board of Directors on March 7, 2015 and sending same Board a USPS registered letter received on March 30, 2015 (Signature Confirmation # 23130740000032532872), Defendant never responded to Plaintiff concerning this copyright infringement matter.

13. Defendant's conduct has been in willful violation of Plaintiff's DMCA copyright infringement complaint, repeated follow-ups to Defendant that the Plaintiff did/does not want his work infringed and Plaintiff's June 2015 settlement demand to Defendant.

## **CLAIMS FOR RELIEF**

### **(Direct Infringement of Copyright)**

14. Plaintiff incorporates by reference all the allegations of paragraphs 1 through 13, inclusive.

15. Plaintiff owns copyrighted material "Topic Related Secondary Image/Photo for Illustrating Facebook Replies: Source Code" (U. S. Copyright Registration TXU1-823-285 dated 08/07/2012) copied, implemented and released by Defendant on June 19, 2013 without Plaintiff's permission. Plaintiff's original 2012 copyrighted work remains a very popular photo-sharing tool at "Facebook.com". After infringing Plaintiff's original web-based work on June 19, 2013, Defendant expanded Plaintiff's original work to iOS and Android mobile platforms: "Derivative Works" as defined by 17 U.S.C. § 101.

16. Plaintiff has complied in all respects with 17 U.S.C. §§ 101, and secured the exclusive rights and privileges in and to the copyright of the above-referenced work. Plaintiff has

been and still remains the sole proprietor of all rights, title, and interest in and to the copyright in respective work as referenced above.

17. Defendant's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyright.

18. On information and belief, Plaintiff alleges that, as a direct and proximate result of Defendant's wrongful conduct, Defendant has obtained and continues to obtain advertising revenue from a Photo-Comment feature that belongs to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

19. Whereas Plaintiff is not represented by an attorney at the date of this action, Plaintiff is entitled to future attorney fees and full costs pursuant to 17 U.S.C. §§ 505.

20. Defendant's conduct has caused, continues to cause and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502, Plaintiff is entitled to injunctive relief prohibiting further direct infringement of Plaintiff's 2012 copyrighted work allowing photos to be added to Facebook comments. Defendant can disable its "Photo-Comment" feature for both web and mobile platforms through backend support services.

21. On information and belief, Defendant has willfully engaged in, and is willfully engaging in, the acts complained of with conscious disregard of the rights of Plaintiff. Plaintiff is therefore, entitled to the maximum statutory damages allowable.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

B. Immediately and permanently enjoining Defendant, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from using the Photo-Comment feature without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyright or such damages as are proper, and since Defendant intentionally infringed Plaintiff's copyright, for the maximum allowable actual and/or statutory damages for each violation;

D. Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff their costs, reasonable attorney fees or future attorney fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

F. Awarding Plaintiff such other and further relief as is just and proper.

## **DEMAND FOR JURY TRAIL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury of all issues triable by right of jury.

DATED: June 1, 2016

Respectfully Submitted,

By:

Barrett J. Gay

Plaintiff (Self-Represented)
5329 Riverwalk Drive
Building 1-A
Atlanta, GA  30349
(470)334-3805
Barrett_Gay@yahoo.com

JS 44 (Rev. 12/12)
Cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BARRETT J. GAY

## DEFENDANTS
FACEBOOK INC.
1601 WILLOW ROAD
MENLO PARK, CA 94025

**(b)** County of Residence of First Listed Plaintiff  FULTON (GA)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  SAN MATEO (CA)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SELF-REPRESENTED (ATTORNEY LATER)
5329 RIVERWALK DRIVE
BUILDING 1-A
ATLANTA, GA 30349
(470)334-3805

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question  *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | [X] 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. § 504
Brief description of cause:
Copyright Infringement  See attachment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $  See Complaint
CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*
( ) SAN FRANCISCO/OAKLAND    ( ) SAN JOSE    ( ) EUREKA

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
DUPLICATE

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611115806
Cashier ID: almacen
Transaction Date: 06/03/2016
Payer Name: BARRETT J GAY

CIVIL FILING FEE
 For: BARRETT J GAY
 Case/Party: D-CAN-5-16-CV-003013-001
 Amount:         $400.00

PAPER CHECK CONVERSION
 Check/Money Order Num: 0006079700
 Amt Tendered: $400.00

Total Due:       $400.00
Total Tendered:  $400.00
Change Amt:      $0.00

NC

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```