United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRETT J. GAY,<br>    Plaintiff,<br>    v.<br>THE FACEBOOK, INC.,<br>    Defendant. | Case No. 16-cv-03013 NC<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 16 |

In this copyright infringement case, defendant Facebook, Inc. moves to dismiss plaintiff Barrett J. Gay's complaint. Because the Court finds Gay pled a copyright infringement claim for purposes of this motion, the Court DENIES Facebook's motion to dismiss.

**I. BACKGROUND**

Gay alleges that on February 20, 2013, he "proposed" to Facebook's Chief Product Officer, Chris Cox, his copyrighted work, "Topic Related Secondary Image/Photo Sharing for Illustrating Facebook Replies: Source Code (U.S. Copyright Registration TXUI-823-285 dated 08/07/2012)," which enables users to post photos in a Facebook comment. Dkt. No. 1 at 1, 3. Gay submitted this proposal via Facebook's payment-required messaging service. *Id*. at 1-2. On June 19, 2013, Facebook released a web-only photo-commenting feature allowing users to post one photo at a time in a post's comments. *Id*. at 1. Gay alleges this feature is "substantially similar to the web-based source code/demo" he

Case No. 16-cv-03013 NC

proposed to Facebook. *Id*. at 4.

Gay alleges that whereas his copyrighted work allows two photos per comment reply, Facebook avoided literally copying of his work by only allowing one photo per comment reply. *Id*. at 5. Gay filed his complaint on June 3, 2016, and both parties consented to the jurisdiction of a magistrate judge. Dkt. Nos. 1, 6, 9.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Among other things, Facebook argues Gay fails to state a copyright infringement claim because he failed to plead facts as to substantial similarity between his work and the Facebook feature. Dkt. No. 16 at 5. Facebook contends Gay did not "identify the accused Facebook feature beyond the high-level idea of being able to comment by uploading a photo, nor does it attempt to offer any comparison of the two." *Id*. at 8. Gay argues that Cox had access to his work, and that Gay cannot compare his work to Facebook's feature without Facebook's source code, which it has refused to provide. Dkt. No. 21 at 7-8.

"To establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that

Case No. 16-cv-03013 NC 2

1 are original.'" *L.A. Printex Indus., Inc. v. Aeropostale, Inc*., 676 F.3d 841, 846 (9th Cir.
2 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991)).
3 "Copying may be shown by circumstantial evidence of access and substantial similarity of
4 both the general ideas and expression between the copyrighted work and the allegedly
5 infringing work." *Apple Computer, Inc. v. Microsoft Corp*., 35 F.3d 1435, 1442 (9th Cir.
6 1994).

Gay pled he owns a valid copyright over his photo-commenting demo and source code. Dkt. No. 21 at 26; *L.A. Printex*, 676 F.3d at 846. Gay admits Facebook did not literally copy his work because Facebook's photo commenting feature only allows one photo per comment. Dkt. No. 16 at 6. Though Facebook correctly points out that Gay fails to allege Facebook copied his source code, *L.A. Printex*, 676 F.3d at 846, Gay argues he cannot compare his work with Facebook's photo commenting feature without obtaining Facebook's source code, which it refused to provide. Dkt. No. 16 at 6; Dkt. No. 21 at 8-9. Facebook does not persuasively respond to this argument. Dkt. No. 22. Therefore, because Facebook refused to provide its source code to Gay, it would be "difficult or impossible" for Gay to examine the source code as to similarity before such discovery occurs. *See Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc*., No. 10-cv-03428-LHK, 2011 WL 1044899, at \*8 (N.D. Cal. Mar. 23, 2011) (finding a copyright infringement claim stated where plaintiffs alleged defendants had access to plaintiffs' source code, but plaintiffs claiming substantial similarity between products lacked access to examine defendants' source code); *Miller v. Facebook, Inc*., No. 10-cv-00264 WHA, 2010 WL 2198204, at \*6 (N.D. Cal. May 28, 2010) (finding a copyright infringement claim stated because, among other things, plaintiffs can rarely examine an accused infringing product's source code for substantial similarity without discovery).

Because Gay alleges Facebook had access to his source code, and because the two works express the same general idea of allowing Facebook users to post photo comment replies, Gay stated a "plausible" copyright infringement claim that there exists a substantial similarity between his expressed work and the Facebook feature. *Apple*, 35

Case No. 16-cv-03013 NC         3

F.3d at 1442; *Iqbal*, 556 U.S. at 678.  Whether Gay will be able to *prove* substantial similarity between his work and Facebook's feature is not yet before the Court.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Facebook's motion to dismiss. Facebook must answer Gay's complaint within 14 days of this order.

**IT IS SO ORDERED.**

Dated:  October 19, 2016 _____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-03013 NC              4