1  MARK R. WEINSTEIN (193043)
   (mweinstein@cooley.com)
2  ANDREW MACE (284484)
   (amace@cooley.com)
3  COOLEY LLP
   3175 Hanover Street
4  Palo Alto, CA  94304-1130
   Telephone:    (650) 843-5000
5  Facsimile:    (650) 849-7400

6  Attorneys for Defendant
   FACEBOOK, INC.

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

   BARRETT J. GAY,                    Case No.  16-cv-03013-NC
13
              Plaintiff,              DEFENDANT FACEBOOK, INC.'S
14       v.                           ANSWER TO PLAINTIFF'S
                                      COMPLAINT FOR COPYRIGHT
15  FACEBOOK, INC.,                   INFRINGEMENT

16            Defendant.              JURY TRIAL DEMANDED

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Facebook, Inc. ("Facebook") hereby files its answer and affirmative defenses ("Answer") to the Complaint for Copyright Infringement ("Complaint") filed on June 3, 2016 by plaintiff Barrett J. Gay ("Plaintiff"). Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Facebook denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Facebook further denies that Plaintiff is entitled to the relief requested in the Complaint, or to any other relief.

## NATURE OF THE CASE

1.     Facebook lacks sufficient information to admit or deny Plaintiff's allegations that "Photo sharing is the number one form of user engagement for Facebook" and that "it garners more 'Likes' than any other shared content" because these statements contain insufficient information to admit or deny. Facebook admits that on or about June 19, 2013, a feature for users to reply to a post with an image was released on Facebook's web and mobile sites. Facebook denies that this feature is or was substantially similar to Plaintiff's allegedly "copyrighted web only script." Facebook denies that users could only reply to a post with text before this feature was released. Facebook admits that Plaintiff appears to have sent in 2013 via Facebook's paid messaging system a message addressed to Mr. Chris Cox, Facebook's then-Vice President of Product. Except as expressly admitted or denied, Facebook denies the allegations contained in Paragraph 1.

2.     Facebook admits that it was or is involved in the lawsuits identified in Paragraph 2. Except as expressly admitted, Facebook denies the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3.     Facebook admits that it does business in the State of California, including within the Northern District of California. To the extent that the remaining allegations contained in Paragraph 3 are not conclusions of law, to which no response is required, Facebook lacks sufficient information to admit or deny and on that basis denies the remaining allegations in Paragraph 3.

## THE PARTIES

4.     Facebook admits that its principal place of business is located at 1601 Willow Road, Menlo Park, California. Facebook admits that, as of April 2016, Facebook had over a billion "Daily Active Users" and 1.64 billion "Monthly Active Users" worldwide. Except as expressly admitted,

FACEBOOK'S ANSWER TO COMPLAINT
**CASE No. 16-cv-03013-NC**

Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 4.

**ALLEGED "FACTS COMMON TO ALL CLAIMS AND HOW PLAINTIFF WOULD HAVE BENEFITTED FROM HIS ORIGINAL WEB-BASED PHOTO-COMMENT"**

5.      Facebook admits that it reported, as of April 2016, approximately 894 million "Mobile-Only Monthly Active Users" and 1.654 billion "Monthly Active Users."  Facebook admits that it acquired Instagram in the year 2012.  Except as expressly admitted, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 5.

**ALLEGED "HOW DEFENDANT BENEFITS FROM PHOTO-SHARING AND UNAUTHORTIZED USE/ADAPTATIONS OF PLAINTIFF'S PHOTO-COMMENT COPYRIGHTED WORK"**

6.      Facebook admits that it acquired Instagram in the year 2012.  Facebook admits that on or about June 19, 2013, a feature for users to reply to a post with an image was released on Facebook's web and mobile sites.  Facebook denies that this feature is or was substantially similar to Plaintiff's allegedly copyrighted "web-based source code/demo."  Facebook admits that Plaintiff appears to have sent in 2013 via Facebook's paid messaging system a message addressed to Mr. Chris Cox, Facebook's then-Vice President of Product.  Facebook denies that it deleted or concealed any messages sent by the Plaintiff.  Facebook admits that Mr. Cox, as of October 2016, is Facebook's Chief Product Officer.  Except as expressly admitted or denied, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 6.

7.      Facebook admits that various web sites noted on or about June 19, 2013 the release of a feature for Facebook users to reply to a post with an image.  Facebook admits that it reported in 2013 that over 350 million photos are uploaded every day on average.  Facebook admits that, on or about October 2013, a feature was added to Facebook's iOS app for users to reply to a comment with an image.  Facebook admits that, on or about March 2014, a feature was added to Facebook's Android app for users to reply to a comment with an image.  Except as expressly admitted or denied, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations

FACEBOOK'S ANSWER TO COMPLAINT
**CASE NO. 16-CV-03013-NC**

1    contained in Paragraph 7.

2    **DEFENDANT'S ALLEGED INFRINGING SITE AND MOBILE APPLICATIONS ("APPS")**

3        8.      Facebook admits that it operates a website at "facebook.com" and provides mobile

4    applications. Facebook admits that it had, as of April 2016, approximately 894 million "Mobile-Only

5    Monthly Active Users."   Except as expressly admitted or denied, Facebook denies the allegations

6    contained in Paragraph 8.

7        9.      Facebook admits that a feature released on Facebook's web and mobile sites on or

8    about June 19, 2013 permits one image to be uploaded per comment reply.  Facebook lacks

9    sufficient information to admit or deny Plaintiff's allegations that this feature can be disabled.

10    Facebook lacks sufficient information to admit or deny Plaintiff's allegations regarding its allegedly

11    copyrighted work and on that basis denies them.  Facebook admits that for certain versions and

12    under certain circumstances users can provide more than one photo in connection with a post and/or

13    message.  Except as expressly admitted or denied, Facebook denies the allegations contained in

14    Paragraph 9.

15        10.     Facebook admits that under certain circumstances and certain versions of the

16    Facebook website, that for certain types of ads, advertisers can be billed based in part on user

17    interaction with their ads.  Except as expressly admitted or denied, Facebook denies the allegations

18    contained in Paragraph 10.

19        11.     Facebook admits that a feature for users to reply to a post with an image is available

20    to Facebook users.  Facebook admits that, as of April 2016, Facebook had over 1.65 billion

21    "Monthly Active Users" worldwide.  Except as expressly admitted or denied, Facebook denies the

22    allegations contained in Paragraph 11.

23        12.     Facebook admits that in September 2014, Plaintiff appears to have placed a report

24    using a copyright report form and to have been sent an automated message in response.  Facebook

25    admits that in September 2014, Plaintiff appears to have been sent a message that his report was

26    being looked into.  Facebook admits that Plaintiff appears to have attempted to email various

27    departments within Facebook.  Except as expressly admitted or denied, Facebook lacks sufficient

28    information to admit or deny and on that basis denies the allegations contained in Paragraph 12.

FACEBOOK'S ANSWER TO
COMPLAINT
CASE No. 16-CV-03013-NC

13.   Denied.

## PLAINTIFF'S CLAIMS FOR RELIEF

14.   Facebook refers to and incorporates its responses set forth above to each and every allegation in Paragraphs 1-13 as if fully set forth herein.

15.   Facebook denies that it copied, implemented and/or released Plaintiff's allegedly copyrighted material. Facebook denies that it infringes or infringed Plaintiff's allegedly copyrighted material. Except as expressly admitted or denied, Facebook lacks sufficient information to admit or deny and on that basis denies the allegations contained in Paragraph 15.

16.   Facebook lacks sufficient information to admit or deny the allegations contained in Paragraph 16 and on that basis denies them.

17.   Denied.

18.   Denied.

19.   Denied.

20.   Facebook lacks sufficient information to admit or deny Plaintiff's allegation that a feature for users to reply to a post with an image can be disabled. Facebook denies the remaining allegations contained in Paragraph 20.

21.   Denied.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Facebooks denies that Plaintiff is entitled to any relief whatsoever from Facebook, as prayed for or otherwise.

## AFFIRMATIVE DEFENSES

Without altering any applicable burdens of proof, Facebook alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Each of Plaintiff's claims is barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

4.

1

**THIRD AFFIRMATIVE DEFENSE**

2     Each of Plaintiff's claims is barred, in whole or in part, because Facebook's alleged actions

3 come within the doctrine of fair use and/or de minimis copying of protectable elements, if any.

4

**FOURTH AFFIRMATIVE DEFENSE**

5     Each of Plaintiff's claims is barred, in whole or in part, because Plaintiff's alleged

6 copyrighted work lacks originality.

7

**FIFTH AFFIRMATIVE DEFENSE**

8     Each of Plaintiff's claims is barred, in whole or in part, because Plaintiff's alleged

9 copyrighted work constitutes nothing more than unprotectable scène à faire.

10

**SIXTH AFFIRMATIVE DEFENSE**

11     Each of Plaintiff's claims is barred, in whole or in part, because Plaintiff lacks standing to

12 bring this action.

13

**SEVENTH AFFIRMATIVE DEFENSE**

14     Each of Plaintiff's claims is barred, in whole or in part, because the accused work was

15 independently created without reference to Plaintiff's allegedly copyrighted work.

16

**EIGHTH AFFIRMATIVE DEFENSE**

17     Each of Plaintiff's claims is barred, in whole or in part, for failing to join indispensable

18 parties.

19

**NINTH AFFIRMATIVE DEFENSE**

20     Each of Plaintiff's claims is barred, in whole or in part, because Plaintiff is not the owner of

21 the allegedly copyrighted work.

22

**TENTH AFFIRMATIVE DEFENSE**

23     Each of Plaintiff's claims is barred, in whole or in part, because Plaintiff's allegedly

24 copyrighted work was not accessible and/or accessed by Facebook and/or Plaintiff's allegedly

25 copyrighted work is not substantially similar to the accused work.

26

**ELEVENTH AFFIRMATIVE DEFENSE**

27     Plaintiff's prayer for injunctive relief is barred because Plaintiff has not suffered any

28 irreparable injury, Plaintiff has an adequate remedy at law, and injunctive relief would be contrary to

5.

FACEBOOK'S ANSWER TO
COMPLAINT
**CASE NO. 16-CV-03013-NC**

1    the public interest.

2    ### TWELFTH AFFIRMATIVE DEFENSE

3          Plaintiffs' prayer for statutory damages and attorney's fees under the Copyright Act is barred

4    to the extent the copyrights in issue do not meet the registration requirements of the Copyright Act,

5    including 17 U.S.C. § 412(2).

6    ### THIRTHEENTH AFFIRMATIVE DEFENSE

7          Each of Plaintiff's claims is barred, in whole or in part, because Defendants have an express

8    and/or implied license, and/or the alleged copyrighted work is in the public domain.

9    ### OTHER AFFIRMATIVE DEFENSES

10          Facebook reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of

11   Civil Procedure, the Copyright Laws of the United States, and any other defenses, at law or in

12   equity, that now exist or in the future may be available based on discovery and further factual

13   investigation in this case.

14   ### FACEBOOK'S PRAYER FOR RELIEF

15          WHEREFORE, Facebook prays this Court enter judgment:

16          A.      In favor of Facebook and against Plaintiff, thereby dismissing Plaintiff's Complaint in

17   its entirety, with prejudice, with Plaintiff taking nothing by way of its claims;

18          B.      That Plaintiff pay all costs incurred by Facebook in this action, including costs and

19   attorneys' fees recoverable pursuant to 17 U.S.C. § 505; and

20          C.      Awarding Facebook all other relief the Court deems just and proper.

21   ### JURY DEMAND

22          Facebook respectfully requests a trial by jury on all issues so triable.

23

24

25

26

27

28

Dated:  November 2, 2016                    COOLEY LLP


                                           */s/ Mark R. Weinstein*
                                           Mark R. Weinstein
                                           Attorneys for Defendant
                                           FACEBOOK, INC.

FACEBOOK'S ANSWER TO
COMPLAINT
CASE No. 16-CV-03013-NC

1
2

**PROOF OF SERVICE**
**(FRCP 5)**

3        I am a citizen of the United States and a resident of the State of California.  I am employed

4   in Santa Clara County, State of California, in the office of a member of the bar of this Court, at

5   whose direction the service was made.  I am over the age of eighteen years, and not a party to the

6   within action.  My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California

7   94304-1130.  On the date set forth below I served the documents described below in the manner

8   described below:

9   **DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S**
    **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

10

11   ☒      (BY U.S. MAIL) I am personally and readily familiar with the business practice of
    Cooley LLP for collection and processing of correspondence for mailing with the

12   United States Postal Service, and I caused such envelope(s) with postage thereon
    fully prepaid to be placed in the United States Postal Service at Palo Alto,

13   California.

14
15   on the following part(ies) in this action:

16   Barrett J. Gay
    5329 Riverwalk Drive
17   Building 1-A
    Atlanta, GA 30349
18
    Executed on November 2, 2016, at Palo Alto, California.

19
20
21   _____
    Jocelyn C. McIntosh
22
23
24
25
26
27
28

FACEBOOK'S ANSWER TO
COMPLAINT
CASE NO. 16-CV-03013-NC

8.